UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SANDRA C. HOOVER                          CIVIL ACTION NO. 08-cv-1740

VERSUS                                    JUDGE HICKS

U.S. COMMISSIONER SOCIAL                  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

### Introduction

Sandra C. Hoover ("Plaintiff") appeals a decision by the Commissioner of the Social Security Administration ("Commissioner") denying her social security disability benefits. Before this court is the Commissioner's Motion for Summary Judgment (Doc. 14) on the grounds that Plaintiff's filing is untimely. For the reasons that follow, it is recommended that the motion be granted.

### Deadline for Appeals

Judicial review of the Commissioner's decision on a benefits claim is governed by 42 U.S.C. § 405(g). The statute gives the claimant sixty days to seek judicial review of the Commissioner's denial of benefits. The Commissioner, pursuant to statutory authority, promulgated 20 C.F.R. § 422.210(c), which provides that these sixty days start running after notice of the agency's determination "is received by the individual." Receipt of the final decision is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). The Fifth Circuit has interpreted this

provision as creating a rebuttable presumption that the claimant has received notice five days after such decision is sent. <u>McCall v. Bowen</u>, 832 F.2d 862, 864 (5th Cir. 1987).

**Discussion**

Included with the Commissioner's Motion for Summary Judgment is the declaration of Patrick Herbst made pursuant to 28 U.S.C. § 1746. This declaration constitutes competent summary judgment evidence. <u>Hart v. Hairston</u>, 343 F.3d 762, 764 (5th Cir. 2003). The declaration and accompanying exhibits lay out the sequence of events as Plaintiff's case made its way through the administrative process.

After a hearing before an Administrative Law Judge (ALJ), Plaintiff's claim for disability was denied on November 28, 2006. Thereafter, Plaintiff timely filed an appeal with the Appeals Council, which denied Plaintiff's request for review. According to Agency records, the notice of this denial was sent on June 15, 2007 to Plaintiff's home. As mentioned above, the Plaintiff is presumed to have received this notice five days later, on June 20, 2007. Plaintiff does not contend otherwise.

The notice that Plaintiff received clearly stated that she had sixty days to file suit if she wanted court review of the ALJ determination. On this timeline, Plaintiff's window to file suit would only be open until Monday, August 20, 2007. The notice also mentioned that if sixty days was too soon for Plaintiff, she could petition the Appeals Council for an extension. Plaintiff did not seek an extension, and instead waited until November 19, 2008 to file suit in this court—far after the sixty days had passed.

Plaintiff's only possible relief from this time lapse is the doctrine of equitable tolling. The sixty day limit in section 405(g) is a statute of limitations and not a jurisdictional bar. Mathews v. Eldridge, 424 U.S. 319, 328 n.9 (1976); Flores v. Sullivan, 945 F.2d 109, 113 (5th Cir. 1991). Therefore, equitable tolling is available to plaintiffs in appropriate circumstances under section 405(g). Bowen v. City of New York, 476 U.S. 467, 480 (1986); Luna v. Dep't of Health and Human Services, 948 F.2d 169, 173 (5th Cir. 1991). Equitable tolling, however, is available only in the rare case where "the equities in favor of tolling the limitations period 'are so great that deference to the agency's judgment is inappropriate.'" Barrs v. Sullivan, 906 F.2d 120, 122 (5th Cir. 1990) (quoting Mathews v. Eldridge, 424 U.S. at 330).

Plaintiff responds to the motion for summary judgment with only an unsworn memorandum in opposition. This memorandum does not constitute competent summary judgment evidence. Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence"). Were the court to take the assertions in the memorandum at face value, though, it would still not be appropriate to invoke equitable tolling.

According to Plaintiff's memorandum, she retained a lawyer to help guide her through the administrative process. After her administrative options had been exhausted, her lawyer removed himself from the case. Plaintiff then requested her complete file, which she did not

receive until after the sixty days had passed. Upon receipt, she realized that the body of evidence considered during her ALJ hearing contained errors and omissions.

Plaintiff alleges that her lawyer failed to keep her apprised of the Social Security Administration's requirements for filing civil actions, namely the approaching deadlines. Even assuming this is true, though, this does not help Plaintiff's case. While her lawyer may have not informed her of the upcoming deadlines, the Social Security Administration had already done so. According to the sworn statement made by Mr. Herbst and its attached exhibits, notice was sent to Plaintiff on June 15, 2007. As discussed above, she is presumed to have received notice of the denial on June 20, 2007. This notice, which was addressed to Plaintiff and sent to her home address (not only to her lawyer's office), clearly stated that any civil action should be filed within sixty days, and that the Social Security Administration would grant her more time if she asked for it. Plaintiff may not have received her files from her lawyer before the sixty days had passed, but she did have ample notice and opportunity to request an extension. Plaintiff failed to do so.

"[E]quity is not intended for those who sleep on their rights." Covey v. Arkansas, 865 F.2d 660, 662 (5th Cir. 1989). Plaintiff was fully notified of (1) her right to file an appeal, (2) the deadline for doing so, and (3) her right to request more time to file an appeal. Plaintiff failed to take either step on a timely basis, and there are no rare or exceptional facts presented that would permit the application of equitable tolling to excuse Plaintiff's untimeliness.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's Motion for Summary Judgment (Doc. 14) be **GRANTED** and that this action be **DISMISSED** as untimely filed.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of May, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE